## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| PAMALU D. CAIN | Civil Action No. |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| D.R. HORTON-CROWN, LLC AND DANIEL GENTRY | |
| Defendants | |

## COMPLAINT FOR DAMAGES

COMES NOW Pamalu D. Cain ("Plaintiff"), through her undersigned counsel, and files this Complaint against D.R. Horton-Crown, LLC ("D.R. Horton") and Daniel Gentry (collectively "Defendants"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief for Defendants' failure to pay overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA").

## JURISDICTION AND VENUE

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3.

Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B)(1)(a), venue is proper in this Court because the unlawful employment practices described herein were committed within the Atlanta Division of the United States District Court for the Northern District of Georgia.

## **PARTIES**

4.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.

5.

Defendant D.R. Horton is a foreign corporation with a principal place of business at 301 Commerce Street, Suite 500, Fort Worth, Texas 76102.

6.

Defendant D.R. Horton is registered to do business within the state of Georgia and availed itself of the privilege of conducting business within the state of Georgia.

7.

Defendant D.R. Horton may be served with process by delivering a copy of the Summons and Complaint to its registered agent, CT Corporation at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

8.

Defendant D.R. Horton is governed by and subject to the FLSA.

9.

At all relevant times, Defendant D.R. Horton was an enterprise engaged in commerce or in the production of goods for commerce.

10.

At all relevant times, Defendant D.R. Horton has had at least two (2) employees engaged in interstate commerce or in handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

11.

Defendant D.R. Horton builds new homes throughout the United States.

12.

At all relevant times, Defendant D.R. Horton has had at least $500,000.00 in annual gross volume of sales made or business done.

13.

Defendant Gentry is a citizen of the United States of America and a resident of the state of Georgia.

14.

Defendant Gentry may be served with process by delivering a copy of the Summons and Complaint to his place of employment located at 1371 Dogwood Drive SW, Conyers, Georgia 30012.

15.

Defendant Gentry worked as the Warranty Manager in the Warranty Department at Defendant D.R. Horton.

16.

Defendant Gentry directly supervised Plaintiff throughout Plaintiff's employment at D.R. Horton.

17.

At all relevant times, Defendants were "employers" as that term is defined by 29 U.S.C. § 203(d).

18.

Defendants acted directly or indirectly in the capacity of an "employer" in relation to Plaintiff.

19.

Defendants determined the terms and conditions of Plaintiff's employment, including Plaintiff's job duties, work hours, and compensation.

20.

Defendants determined when to pay Plaintiff for working overtime and when not to pay Plaintiff for working overtime.

21.

At all relevant times, Plaintiff was an "employee" of Defendants as that term is defined by 29 U.S.C. § 203(e).

22.

At all relevant times, Defendants classified Plaintiff as a non-exempt employee.

**STATEMENT OF FACTS**

23.

From March 3, 2015 to December 5, 2016, Plaintiff worked as a Customer Service Assistant ("CSA") in the Warranty Department.

24.

In that role, Plaintiff performed clerical work, including (but not limited to) data entry, answering phone calls, responding to emails, coordinating warranty repairs, generating automated invoices, and following up with homeowners who provided negative surveys.

25.

Plaintiff was required to respond within 24 hours to warranty repair requests from homeowners within her assigned territory, which included approximately 30

communities (some with as many as 200 newly built homes) in Greenville, South Carolina.

26.

On average, Plaintiff received approximately 200 emails and voicemails per day regarding warranty-related issues such as subpar landscaping, water leaks (e.g., leaks from the flashing and leaks from the pot filler faucet), appliance issues, electrical issues, plumbing issues (e.g., water backing up in the toilet), foundation issues, and so on.

27.

Upon receipt of a warranty repair request, Plaintiff contacted the homeowner to confirm receipt of their request, assigned the request to one of two Field Technicians, and arranged for that Field Technician to meet with the homeowner to inspect the problem.

28.

After the inspection, the Field Technician provided Plaintiff with a list of repairs covered by the warranty and the name of the vendor responsible for making each repair.

29.

Plaintiff was required to send a ticket with a list of covered repairs to the appropriate vendor through a software management tool called Delano.

30.

After the inspection, the Field Technician also provided Plaintiff with a list of repairs that were not covered by the warranty. Plaintiff was responsible for notifying the homeowners that Defendant D.R. Horton would not be making those repairs.

31.

At all times, Plaintiff was classified as a non-exempt employee.

32.

Plaintiff was scheduled to work forty (40) hours per week, but consistently worked more than forty (40) hours per week.

33.

Defendant Gentry told Plaintiff to report Plaintiff's scheduled hours, not Plaintiff's actual work hours.

34.

On a few "special" occasions, Defendant Gentry allowed Plaintiff to report some (not all) overtime hours.

35.

On those "special" occasions, Plaintiff was paid time and one-half her regular hourly rate of pay.

36.

Defendants knew (or through reasonable diligence could have known) that Plaintiff worked more than the hours she was permitted to report.

37.

Plaintiff was scheduled to work from 8:00 a.m. to 5:00 p.m. with a one-hour lunch break, Monday through Friday, but Plaintiff actually worked much longer than this.

38.

Generally, Plaintiff started work around 7:30 a.m., worked through her lunch break four times per week, and finished work around 7:00 p.m. (often later).

39.

Plaintiff communicated with her colleagues and Defendant Gentry outside of her scheduled work hours, including on the weekends.

40.

At least once per month, Plaintiff complained to Defendant Gentry about working a lot of overtime.

41.

In response, Defendant Gentry would blame upper management, explain that his hands were tied, and instruct Plaintiff to do whatever she had to do to get the work done. On some occasions, Defendant Gentry laughed off Plaintiff's complaints and joked about the "skeleton crew" in the Warranty Department.

42.

Defendants did not keep a record of Plaintiff's actual work hours.

## COUNT ONE
## Failure to Pay Overtime as Required by the FLSA

43.

Plaintiff reasserts and incorporates by reference paragraphs 4 through 42 of this Complaint as if fully set forth herein.

44.

Plaintiff performed non-exempt work.

45.

Defendants classified Plaintiff as a non-exempt employee.

46.

Defendants suffered and/or permitted Plaintiff to work more than forty (40) hours per week.

47.

Defendants failed to pay Plaintiff time and one-half her regular hourly rate of pay for all hours worked over 40 in a week.

48.

Defendants knew that Plaintiff worked more than 40 hours in a week.

49.

Defendant Gentry specifically told Plaintiff not to report her actual hours.

50.

Plaintiff consistently complained to Defendant Gentry about working overtime without pay.

51.

Defendant Gentry blamed upper management and instructed Plaintiff to do whatever she needed to do to get the work done.

52.

Defendant Gentry knew that Plaintiff's heavy workload required her to work more than forty (40) hours per week.

53.

Defendant Gentry joked about the "skeleton crew" within Plaintiff's Department.

54.

Defendants acted in willful disregard of their obligations under the FLSA and, therefore, the statute of limitations period should be extended from two years to three years.

55.

At all relevant times, Defendants failed to maintain accurate records of Plaintiff's work hours in violation of the FLSA's recordkeeping requirements.

56.

As a result of Defendants' unlawful conduct, Plaintiff is entitled to recover her unpaid overtime wages, an equivalent amount as liquidated damages, attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for relief as follows:

A. For a trial by jury;

B. For a finding that Defendant violated Plaintiff's rights as set forth herein;

C. For a judgment in Plaintiff's favor for unpaid overtime wages, an equivalent amount as liquidated damages, prejudgment interest on unpaid wages, reasonable attorneys' fees and costs in accordance with 29 U.S.C. § 216, and all other legal and equitable relief as may be appropriate to effectuate the purposes of the FLSA; and

D. For such other and further relief as this Court deems proper and just.


Date: March 27, 2017

Respectfully submitted,

SMITH LAW, LLC

By:     /s/ Louise N. Smith_____
        Louise N. Smith
        Georgia Bar No. 131876
        William J. Smith
        Georgia Bar No. 710280
        *Attorneys for Plaintiff*

SMITH LAW, LLC

P.O. Box 1396
Dacula, GA 30019
T: (678) 690-5299
F: (844) 828-5615
louise@smithlaw-llc.com
william@smithlaw-llc.com

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff demands a trial by jury.

By:    /s/ Louise N. Smith
       Louise N. Smith
       Georgia Bar No. 131876
       William J. Smith
       Georgia Bar No. 710280
       *Attorneys for Plaintiff*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: (678) 690-5299
F: (844) 828-5615
louise@smithlaw-llc.com
william@smithlaw-llc.com

## FONT AND POINT CERTIFICATION

The undersigned counsel for Plaintiff hereby certifies that the within and foregoing **COMPLAINT FOR DAMAGES** was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 27th day of March, 2017.

Respectfully submitted,

SMITH LAW, LLC

By:   /s/ Louise N. Smith
Louise N. Smith
Georgia Bar No. 131876
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2017, I have caused or will cause service to issue upon the Defendant to this Action with the foregoing **COMPLAINT FOR DAMAGES** by personal service pursuant to Fed. R. Civ. P. 4. within the time allowed by Fed. R. Civ. P. 4(m).

Respectfully submitted,

By: /s/ Louise N. Smith
     Louise N. Smith
     Georgia Bar No. 131876
     *Attorney for Plaintiff*